IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CLARA GOODREAU                                          PLAINTIFF

        v.                    No. 07-5043

HARTFORD LIFE & ACCIDENT                                DEFENDANT
INSURANCE COMPANY

### MEMORANDUM OPINION & ORDER

    This disability benefit claim is before the Court for decision on the stipulated administrative record (Doc. 6) and the respective briefs of the parties (Docs. 7 & 8). Plaintiff brings this action pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging that Defendant's decision to deny her claim for short-term disability benefits was unreasonable. For the reasons stated below, the Court finds that Defendant's decision was supported by substantial evidence and is **AFFIRMED.** Plaintiff's claim is denied, and Plaintiff's Complaint (Doc. 1) is dismissed with prejudice.

### Background

    Plaintiff worked for Wal-Mart Stores, Inc. until February 8, 2006, where she held the position of collator operator. Plaintiff contends she ceased working due to pain associated with her fibromyalgia. Plaintiff filed her claim for short term disability benefits, but it was denied by the Plan Administrator on March 14, 2006. Plaintiff appealed, and her appeal was denied on June 13, 2006. (AR 93-94). Plaintiff

exhausted her administrative remedies on June 13, 2006.

Plaintiff is a 58 year old woman who has suffered from "long standing fibromyalgia." (AR 96). Since at least the year 2000, Plaintiff complained of diffuse pain (AR 69), which her doctors labeled her condition as fibromyalgia. She was treated for this condition by Dr. Saitta, and then by Dr. Dykman. In July 2003, Dr. Dykman found "mild antalgia on examination of station and gait." (AR 39). Dr. Dykman diagnosed Plaintiff with fibromyalgia noting pain along her neck, shoulders, upper back, lower back, hips, knees, hands, ankles and feet, and occasional pain along her elbows." (AR 38). Upon inspection and palpation of the head, neck, spine, hips, upper and lower extremities," he found "severe tenderness to palpation over trigger points along the neck, upper back, and left knee with moderate tenderness to palpation over trigger points along the lower back, elbows, and right knee." (AR 39). During treatments, Plaintiff rated her pain on a scale from one to ten, with ten being the worst, and consistently rated her pain as a five or six, except for once in 2004 when she rated it a seven and once in 2003 when she rated it as a four (AR 26 & 28).

Upon filing of Plaintiff's application for disability benefits, the Defendant hired a medical examiner, Dr. Dibble, to review the record and render an opinion as to Plaintiff's

ability to perform her previous employment.  Dr. Dibble, who is board certified in family practice, reviewed Plaintiff's records and spoke to Dr. Dykman.  Dr. Dibble noted that Plaintiff suffered from a "chronic pain syndrome based on widespread soft tissue pain symptomatology of many years duration."  (AR 98).

Dr. Dibble noted that none of the medical records included any discussion of fatigue or lack of endurance.  He found that none of the medical records identified any particular physical impairment that might require any specific workplace restriction.  (AR 98).  Dr. Dibble noted Plaintiff worked with her subjective complaints of pain for six years, and concluded that "it is my medical opinion with a reasonable degree of certainty that she is capable of the physical demands of full-time employment, and that there is no evidence of any particular physical impairment that should require any specific restriction relative to workplace activities."  (AR 98).

**ERISA**

Under ERISA, a denial of benefits by a plan administrator must be reviewed *de novo* unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, in which case the administrator's decision is reviewed for an abuse of

discretion. *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998) *citing Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Accordingly, the Court must be guided by the language of the plan to determine the proper standard of review.

The Plan provides, in pertinent part, "[t]hat Hartford has full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy." Therefore, Hartford's decision can only be reviewed for an abuse of discretion.

The Eighth Circuit Court of Appeals has "variously defined . . . an abuse of discretion as being 'extremely unreasonable,' 'virtually' the same as arbitrary and capricious, and 'extraordinarily imprudent.'" *Shell v. Amalgamated Cotton Garment*, 43 F.3d 364, 366 (8th Cir. 1994) (citations omitted). "The proper inquiry into the deferential standard is whether 'the plan administrator's decision was reasonable; i.e., supported by substantial evidence.'" *Cash v. Wal-Mart Group Health Plan,* 107 F.3d 637, 641 (8th Cir. 1997) *(*quoting *Donaho v. FMC Corp.*, 74 F.3d 894, 899 (8th Cir. 1996)).

"While the word 'reasonable' possesses numerous connotations, this court has rejected any such definition that

would 'permit a reviewing court to reject a discretionary trustee decision with which the court simply disagrees[.]'" *Id.* at 641 (citation omitted).  A decision is reasonable "if 'a reasonable person could have reached a similar decision, given the evidence before him, not that a reasonable person would have reached that decision.'  If the decision is supported by a reasonable explanation, it should not be disturbed, even though a different reasonable interpretation could have been made."  *Id.* (citation omitted).

Where there is a difference of opinion between a claimant's treating physicians and the plan administrator's reviewing physicians, the plan administrator has discretion to find that the employee is not disabled unless "the administrative decision lacks support in the record, or . . . the evidence in support of the decision does not ring true and is . . . overwhelmed by contrary evidence."  *Donaho*, 74 F.3d at 901 (8th Cir. 1996).

**Discussion**

Plaintiff contends that because Hartford is both insurer and claims administrator, the Court should apply something less than the arbitrary and capricious standard of review. Plaintiff cites a Third Circuit Court of Appeals case in support of her proposition, but the Eighth Circuit Court of Appeals has a different position on this point.

A plan administrator's decision will be afforded less deference if a claimant presents "material probative evidence demonstrating that (1) a palpable conflict of interest or serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty to [the claimant]." *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998). A plaintiff must also "show that the conflict or procedural irregularity has 'some connection to the substantive decision reached.'" *Id*. at 1161. The Court finds Plaintiff has failed to present evidence to support the above analysis, and that simply stating Defendant may have a financial interest in its decision is not sufficient. Accordingly the arbitrary and capricious standard will be applied.

The Court must first determine whether Defendant abused its discretion by finding Plaintiff able to perform the duties of her occupation, and if no abuse is found the analysis is over. Plaintiff contends her chronic pain and limited mobility render Defendant's decision unreasonable as she is not capable of performing the essential duties of her former occupation or any occupation for which she is qualified by education, training, or experience. Defendant contends Plaintiff never demonstrated she was unable to perform the functions of her own occupation because her treating

physicians never imposed any restrictions or limitations upon Plaintiff's activities.

The Parties agree that Plaintiff suffers from chronic pain, but disagree about the effects of the pain on her ability to work.  According to Plaintiff's job description received from Wal-Mart (AR 04-05), her job includes the physical requirements of frequently lifting up to 25 pounds, occasionally lifting up to 50 pounds, moving, lifting, or occasionally pushing or pulling items weighing up to 50 pounds using her shoulders, and bending below the waist.  (AR 05). Plaintiff's job also demands the repetitive use of hands and firm grasp as well as fine manipulations of the hands, and frequent standing, sitting, bending, twisting, squatting, and walking.  (AR 05).

Defendant contends that nothing in the administrative record would support a finding that Plaintiff had restrictions or limitations on her activities that caused her to be unable to perform her occupation.  Defendant contends Plaintiff failed to cite any restriction or limitation on her activities.  Plaintiff, however, contends that she can not meet the requirements of the collator operator position according to the Wal-Mart description because of pain from fibromyalgia.  Plaintiff concedes that there are no express functional capacity examinations in the Administrative Record,

but she contends there is evidence from the various clinic notes that she is incapable of performing all of the "essential duties" of her occupation as set forth by the Plan. Specifically, Plaintiff contends that Dr. Dykman's notes reflect that her pain is increased by activity. Plaintiff also points to a period of time in the Spring of 2004, when she required intermittent leave of absence from work due to her pain, to persuade the Court that her condition prevents her from performing her job. (AR 33). Plaintiff was granted Social Security Benefits beginning in August of 2006, and she contends this demonstrates her inability to perform the essential functions of her job. "Although the Social Security Administration's determination that claimant is disabled is not binding, it is admissible evidence to support an ERISA claim for long-term disability benefits. *Riedl v. General American Life Ins. Co.*, 248 F.3d 753, 759 n. 4 (8th Cir. 2001).

The Court finds that Plaintiff was absent from work in the Spring of 2004, and that it may have been because of pain. However, Plaintiff continued to work in her same position until February of 2006. Therefore, the Court can not find that this absence evinces a disability. The Court also finds the lack of any limitations placed on her activities indicated Plaintiff's physicians decided she could tolerate or manage

her pain well enough to perform virtually any activity.  The record does not indicate any increase in Plaintiff's pain or any significant increase in pain medication during her treatment period.  Plaintiff  also contends the Plan Administrator failed to offer a reasonable alternative job to Plaintiff.  Defendant contends the plan does not require or even permit Hartford to offer Plaintiff a different job.  The plan allows the Employer the opportunity to offer a reasonable alternative job, and if Plaintiff can perform either job she is not entitled to benefits.  The Court finds Defendant's arguments persuasive.  The plain reading of the Plan indicates that the Employer, not the Plan Administrator, may offer the insured a reasonable alternative position in the event she cannot perform her own.  If she is able to perform the alternative position, then she must do so and is not disabled. Such is not the case before the Court.  If Plaintiff is able to perform her work as collator operator, a reasonable alternative job becomes irrelevant.

Finally, Plaintiff contends the Plan Administrator abused its discretion by relying on an unqualified medical examiner who did not practice in the field of rheumatology.  However, the Court finds that Plaintiff's physicians never imposed any limitations or restrictions upon Plaintiff's daily activities, much less on her ability to work.  Therefore, when Dr. Dibble

concluded "there is no evidence of any particular physical impairment that should require any specific restriction relative to workplace activities," he was stating his medical opinion with the medical records before him.  The medical records contained the medical opinions from the treating rheumatologist.  The Court is not persuaded that such a determination would require a rheumatologist to validate that opinion, and there is no evidence in the record to contradict Dr. Dibble's conclusion.

## Conclusion

Although it is clear that Plaintiff suffers from fibromyalgia, the Court AFFIRMS the decision of the plan administrator and finds its decision supported by the substantial evidence of the record.  Plaintiff's Complaint is DISMISSED WITH PREJUDICE with each party to bear its own fees and costs.

IT IS SO ORDERED this 16th day of August, 2007.

      /s/ Robert T. Dawson
HONORABLE ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE